# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

PAUL T. MAZZONI,  NSC
AUTOMOTIVE, L.L.C., DILLON
MAZZONI, BLAKE MAZZONI, ,

**Plaintiffs,**

-vs-                                                    **Case No.  6:09-cv-225-Orl-28DAB**

MICHAEL HALPERN, ROBERT ROSE,
CRISTINA ROSE, 50 WEST INVESTORS,
INC., PAOLO DONISI,  MARY ADAMS,

**Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**      **DEFENDANT MARY ADAMS' MOTION FOR MORE
>                  DEFINITE STATEMENT (Doc. No. 23)**
>
> **FILED:**        **February 27, 2009**
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiffs filed suit against six Defendants alleging constitutional violations and state tort

claims arising from the arrest of Paul Mazzoni on June 20, 2008, and the removal from his home of

his two minor children during the arrest.  Doc. No. 2.

Defendant Mary Adams moves for an order requiring Plaintiffs to amend the Complaint[1] to

state a more definite statement of their claims against her.  Doc. No. 23.  Adams argues that she is

_____

[1]On March 19, 2009, District Judge Antoon denied the Motions to Dismiss the Complaint filed by the other
Defendants.  Doc. No. 36.

faced with a "shotgun pleading" because "each of the 16 counts of the complaint incorporates by reference all of the preliminary factual allegations in paragraphs 1 through 49" and only one paragraph refers to her conduct, ¶ 35. Doc. No. 23 at 2. The counts against Adams, a Brevard County Sheriff's Deputy, include: violations of Mazzoni's minor sons' constitutional rights, 42 U.S.C. § 1983 (Counts XIII and XIV) and false imprisonment (Counts XV and XVI).

Federal Rule of Civil Procedure 12(e) authorizes a party to move for a more definite statement in a pleading if it is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R.Civ. P. 12(e). Federal courts disfavor motions for a more definite statement, in view of the liberal pleading and discovery requirements set forth in the Federal Rules of Civil Procedure. *See, e.g., BB In Technology Co., Ltd v. JAF, LLC*, 242 F.R.D. 632, 640 (S.D.Fla. 2007) (citing cases). A motion for more definite statement brought under Federal Rule of Civil Procedure 12(e) "is proper only when the pleading to which it is addressed is so vague that it cannot be responded to," and the information sought is "that which is necessary to frame a responsive pleading." 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1377 (3d ed. 2004). As long as "the moving party is able to discharge her pleading obligations under the rules, a Rule 12(e) motion based on the belief that a better affirmative pleading by the opposing party will enable her to provide a more enlightening or accurate response will be denied." Wright & Miller § 1377 at 344.

Here, the paragraph containing the factual assertions against Adams (¶ 35) reads:

While these events were occurring at the Reve residence, another detail from the Brevard County Sheriff's office entered the residence of Mazzoni to conduct a search and seizure operation pursuant to the search warrant that had been issued based upon the affidavit submitted by Donisi from information he received from Halpern and Robert Rose. One of the Sheriff's deputies present for that purpose was Defendant Mary Adams. Present in the residence were Mazzoni's minor children, Dillon Mazzoni and Blake Mazzoni. Adams, acting under the direction of Donisi, removed Dillon and Blake Mazzoni from their home, refused to tell them where their parents

were despite their frantic requests to be given that information, refused to allow them to go to the bathroom despite their requests to do so, refused to allow them to put on their shoes despite their plea to do so, placed them in a police vehicle, locked them inside that vehicle, and drove them away from their home.

Doc. No. 2 ¶ 35.  Plaintiffs argue that the allegations in the Complaint are clear – the causes of action against Adams arise from the seizure and detention of the Mazzoni children during the execution of the search warrant, placing them in the locked police vehicle, and transporting them away from the home.  Doc. No. 32.

In this case, the Court finds that Paragraph 35 is sufficiently detailed to give Adams notice of the facts underlying the false imprisonment and § 1983 claims against her.  Plaintiffs' allegations are not "so vague and ambiguous" that Adams cannot respond in good faith or without prejudice. "Pleadings provide notice, whereas discovery procedures provide the intricacies of the issues and evidence for trial." *BB Tech.*, 242 F.R.D. at 640.  Adams will have available discovery devices to determine more precise facts in support of Plaintiffs' claims.

**DONE** and **ORDERED** in Orlando, Florida on March 26, 2009.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record